CARLY DOE           *       NO. 2026-C-0134

VERSUS             *

                               COURT OF APPEAL

KEITHAN RAYFORD,      *

KEEGAN RAYFORD, AND           FOURTH CIRCUIT

MARCUS EVANS         *

                               STATE OF LOUISIANA

                    * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-03726, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)


Corrie Gallien
Gallien Law, PLLC
1030 Lafayette Street, Suite 12
Lafayette, LA 70501

       COUNSEL FOR RELATORS

William Most
Hope Phelps
Caroline Gabriel
Most & Associates
201 St. Charles Avenue, Ste 2500, #9685
New Orleans, LA  70170

       COUNSEL FOR RESPONDENT

                 **WRIT GRANTED AND REMANDED**
                     **MARCH 12, 2026**

Relators, Keithan Rayford, Keegan Rayford, and Marcus Evans seek review of the trial court's January 22, 2026 judgment denying Relators' Motion for Appeal. Relators' writ application lacks a signed notice of intent from the trial court. For the reasons that follow, Relators writ application is granted for the limited and sole purpose of remanding this matter to the trial court to set a return date on Relators' notice of Intent.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff/Respondent filed suit against Defendants/Relators on April 2, 2022, for damages arising out of an alleged sexual assault.[1] On April 3, 2024, the trial court granted Respondent's motion for sanctions and a default judgment on the issue of liability. A trial on damages took place on March 24, 2025, and the jury awarded Respondent $3,605,000.00.

Relators alleged their trial counsel had been disbarred; and as a result, they did not receive a copy of the judgment until a copy was e-mailed to them by Respondent's counsel on June 27, 2025. Relators' current counsel filed a Motion

---

[1] The underlying allegations of the sexual assault or the merits of Respondent's complaint are not relevant to this writ disposition.

1

for Appeal on September 23, 2025, which the trial court fixed for hearing on November 20, 2025. In the interim, on September 27, 2025, Relators filed an Amended Motion for Suspensive Appeal, which requested the court set a reasonable suspensive appeal bond. The trial court granted the amended motion on September 29, 2025, setting the appeal bond at $3,605,000.00, the amount of the jury verdict. At the November 20, 2025 hearing on the original Motion to Appeal, Relators requested that they be permitted to file a devolutive appeal without bond. Relators emphasized that they had filed a Motion for Nullity in a new lawsuit to invalidate the default judgment. On January 22, 2026, the trial court denied Relators' Motion for Appeal.[2]

On February 20, 2026, Relators filed the present writ application seeking review of the trial court's January 22, 2026 judgment. Relators' writ application failed to include the trial court's order setting a return date pursuant to Uniform Rules, Courts of Appeal, Rule 4-5. Accordingly, this Court ordered Relators to supplement the writ application with same. In response, Relators filed a "Motion to Accept Writ Application Without Return Date and to Fix Return Date." In the motion, Relators attached their February 4, 2026 Notice of Intent seeking review of the trial court's January 22, 2026 judgment. Relators also attached a February 10, 2025 order from the trial court stamped "DENIED" with the handwritten note, "No interlocutory judgments exist. This case has been adjudicated to a final judgment." Thus, the trial court refused to set a return date. We find this was error.

---

[2] In the trial court's reasons for judgment, the court referenced in its footnote 3 that "Defendants have noted that this Court granted their *Amended Motion for Suspensive Appeal*, filed September 27th, 2025, on September 29th, 2025. However, upon further examination, that motion was granted in error for the reasons stated herein."

2

## DISCUSSION

In accordance with La. C.C.P. art. 1841, the trial court's January 22, 2026 ruling denying Relators' second Motion for Appeal was an interlocutory judgment.[3]  In particular, the judgment did not determine the merits of the underlying complaint.  As such, because Relators filed a timely Notice of Intent, the trial court was required to set a return date.  Uniform Rules, Courts of Appeal, Rule 4-3 provides:

> **The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the Court of Appeal.** The return date in civil cases shall not exceed 30 days from the date of notice of the judgment, as provided in La. C.C.P. art. 1914. In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; a Court of Appeal shall not infer a return date from the record.  (Emphasis added).
>
> Upon proper showing, the trial court or the Court of Appeal may extend the time for filing the application upon the filing of a motion for an extension of the return date by the applicant, filed within the original or an extended return date period. An application not filed in the Court of Appeal within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any

---

[3] Louisiana Code of Civil Procedure art. 1841 provides as follows:

> A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
>
> A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
>
> A judgment that determines the merits in whole or in part is a final judgment.

application that does not contain this documentation may not be considered by the Court of Appeal.

## CONCLUSION

Accordingly, based on the foregoing, we grant Relators' writ application for the limited and sole purpose of remanding the matter to the trial court to set a return date in accordance with Uniform Rules, Courts of Appeal, Rule 4-3.

**WRIT GRANTED AND REMANDED**